IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| LEXINGTON HOSPITAL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-01276-JDB-egb |
| | ) | |
| | ) | |
| RONALD J. HEROMIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**REPORT AND RECOMMENDATION ON DISMISSAL OF COUNTERCLAIM AND
ORDER REGARDING MOTION FOR SANCTIONS**

---

Before the Court is Plaintiff's Motion for Sanctions, Entry of Default, and Dismissal of Counterclaim [D.E. 14]. The District Court has referred this matter for determination and/or report and recommendation [D.E. 17]. The Magistrate Judge makes the following findings, as set forth below.

Procedural History

Plaintiff Lexington Hospital Corp. d/b/a Henderson County Hospital ("Hospital") filed its Complaint in the Chancery Court of Henderson County, Tennessee alleging breach of contract against Defendant Dr. Ronald Heromin ("Heromin"). The suit alleged breach of contract (recruiting agreement and breach of contract (lease agreement) seeking compensatory damages, prejudgment interest, attorney's fees and costs, and further requesting that Heromin continue to pay monthly rent under the lease as it becomes due.

On December 16, 2009, acting pro se, Heromin removed the suit to this court [D.E. 1] and filed an answer to the Complaint which included a counterclaim against Plaintiff [D.E. 2]. As basis for his removal petition, he asserted diversity of citizenship, claiming Florida citizenship at 4926 West San Rafel, Tampa, Florida 33629.  Plaintiff has answered the Counterclaim [D.E. 3].

This Court scheduled a Rule 16 scheduling order conference for March 2, 2010, and as a result of Heromin's failure to participate in this hearing and lack of explanation, a show cause hearing was conducted on March 15, 2010.  Heromin failed to appear for this hearing or communicate with the Court or opposing counsel.  As sanctions for Heromin's conduct, Hospital's attorney was awarded his fees and costs of participation in both the scheduling conference and show cause hearing.

On April 30, Hospital provided the Court notice of a filing "Suggestion of Bankruptcy Pro Hac Vice" as to Heromin [D.E. 11]. The District Court entered an Order administratively closing this case on July 7, 2010 [D.E. 12].  It appears Heromin filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 8:10-bk-09657-CED.

On December 22, 2010, the Hospital moved to re-open this case, as well raised the Motion presently before this Court. Among the documents filed by Hospital is a September 21, 2010 Order from the Bankruptcy Court titled "Order Granting Motion for Relief from Stay" pertaining to the Hospital [D.E. 15-5].  The stay arising from Heroin's bankruptcy case has been lifted as to the claims of the Hospital which are the subject of this lawsuit.  An Order was entered reopening this case on December 28, 2010 [D.E. 16].

The Court docket reveals no action on Heromin's part after his initial efforts on December 16, 2009 when he filed the removal action, his Answer and his Counterclaim.  As previously

mentioned, he failed to be available for the scheduling conference and the subsequent show cause hearing held by this Court.

Plaintiff's Motion for Sanctions, Entry of Default, and Dismissal of Counterclaim seeks entry of default as sanctions under Rule 37(b)(2)(A)and dismissal of Heromin's Counterclaim under Rules Rules 41(b) and (c).

<u>Motion for Entry of Default as Sanctions</u>

As Hospital notes, Rule 37 authorizes sanctions if a party fails to appear at a scheduling conference or to obey a scheduling or other pretrial order. Rule 37(b)(2) also authorizes sanctions for a failure to participate in discovery and against one who violates Rule 26(f). The sanctions available under Rule 37(b)(2)(A) include striking pleadings, dismissing claims, rendering a default, and treating the failure to obey an order as contempt.

Two of the grounds on which Hospital seeks this relief are Heromin's failure to be present at the Rule 16 (b) scheduling conference and his failure to attend the show cause hearing on March 5, 2010.  At that time, this Court imposed sanctions against Heromin for his failure to be present. These sanctions were pursuant to Rule 16(f)(1) and (2) and included  Hospital's reasonable attorney's fees and expenses incurred for both the scheduling conference on March 2, 2010 and the March 15, 2010 show cause hearing. While the Magistrate Judge will not revisit his ruling regarding sanctions for past conduct, this Court will not hesitate to award future sanctions as necessary. Additionally, Counsel for Hospital is ordered to submit an appropriate affidavit of his reasonable fees and expenses related to these hearings.

The remaining ground for seeking entry of default as sanctions is Heromin's failure to participate in discovery.  The affidavit of Hospital's attorney Mr. Harvey [D.E.15-2] reflects that

Heromin, in addition to ignoring the scheduling conference and the show cause hearing, has not responded to Mr. Harvey's (1) letters (2) telephone calls and (3) written discovery requests on behalf of the Hospital. It appears that all of these actions occurred before or after the stay of bankruptcy.

It is the determination of this Court that Hospital's Motion seeking entry of default based on discovery violations will be construed as one to compel the written discovery served on Heromin on February 2, 2010. The Court further determines that Heromin shall have thirty (30) days from the time this Order is final to respond to this discovery. Should Heromin fail to timely respond to the discovery, sanctions will be issued, which may include rendering a default judgment against him as sanctions under Rule 37 of the Federal Rules of Civil Procedure.

<u>Motion to Dismiss Counterclaim</u>

It is the recommendation of this Court based on Heromin's lack of pursuit of his claims, that Counter-Claimant Heromin be provided a Show Cause Order from the District Court as to why his Counterclaim should not be dismissed for failure to prosecute.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   **April 6, 2011**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**