IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LEXINGTON HOSPITAL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:09-cv-01276-JDB-egb |
| RONALD J. HEROMIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

On reference to this Magistrate Court is Plaintiff's Notice to Court Order Directing Counsel to Advise the Court [D.E.22], which seeks dismissal of the Defendant's counterclaim and the entry of a default judgment.

As pertinent history to the matter before it, this Court refers to the Order Directing Counsel For Plaintiff To Advise The Court [D.E.21], in part: "On December 22, 2010, the Plaintiff, Lexington Hospital Corporation, moved for sanctions against the Defendant, Ronald J. Heromin, including entry of a default judgment and dismissal with prejudice of Defendant's counterclaim …In an Order and Report and Recommendation entered April 16, 2011, Magistrate Judge Edward G. Bryant recommended that this Court enter an order directing Heromin to show cause why his counterclaim should not be dismissed for failure to prosecute. The magistrate judge also construed the request for entry of default judgment as a motion to compel written discovery and granted the Defendant thirty days in which to respond to such discovery. Judge Bryant noted that, in the event Heromin failed to timely respond to discovery, sanctions, which might include entry of default judgment, would issue."

### Dismissal of Counterclaim

This notice by Plaintiff/Counter-Defendant informs the Court that Counter-Plaintiff Heromin has taken no further action, has shown no cause why his counterclaim should not be dismissed and has not responded to Plaintiff's long overdue discovery. As well, there has been no current docket entry reflecting any such action for or on behalf of Defendant Heromin. Consequently, it appears that the crossclaim of Heromin should be dismissed with prejudice in accordance with Rule 41(b).

It is the recommendation to the District Court that the Defendant's counterclaim be dismissed with prejudice.

### Default Judgment against Defendant

The second aspect of Plaintiff's request—a default judgment against Defendant Heromin in the amount of $1,181,277.81 and post-judgment interest—first requires Plaintiff's counsel to show "by affidavit or otherwise" that the Court Clerk must enter Heromin's default. *See* Rule 55(a). This first step remains undone.

Next, Rule 55(b) speaks to entering the actual default judgment. Section (b)(1) of the Rule requires the Clerk to have "a sum certain or a sum that can be made certain by computation" in order to enter a default judgment. In all other cases, Rule 55(b)(2) provides a party must apply to the Court for a default judgment. However, there remains some issue as to whether this is a section (b)(1) or (b)(2) matter, again, once a default found by the Court Clerk.

In this case, Plaintiff seeks a monetary award of $1,181,277.81 plus post-judgment interest, which it indicates are "as described in Docket Entries 14 and 15." *See* Notice Pursuant

To Court Order Directing Counsel To Advise The Court [D.E. 22]. However, Docket Entry 14 offers no clarification or support for determining the amount of the judgment sought, as it merely restates the amount of $1,181,277.81, plus post-judgment interest. Docket Entry 15 (containing exhibits D.E.15.1 and D.E.15.2) does offer a partial justification for the $1,181,277.81 in damages sought. First, D.E. 15-1 is the sworn declaration of Joy Fergie, the Chief Financial Officer of Plaintiff Hospital , and makes specific claims of the following damages against Dr. Heromin:

- Monthly guarantee payments to Defendant $830,004
- Two bonuses totaling $75,000
- Marketing costs $3,518
- Insurance premiums $89,038.30
- Office Rent/$400 monthly in November, December, 2008 or any month thereafter
- ER coverage performed by Dr. Heromin $16,000 advance, but not refunded as to any months he failed to provide this coverage.

From Ms. Fergie, the Court can conclude that the damages of the Plaintiff as set forth in her affidavit are $998,360.30. This total is composed of only those amounts specifically listed. Second, Docket Entry 15-2 is the sworn declaration of attorney Tim Harvey stating his firm's costs and expenses as $30,410 in the representation of Plaintiff. From Attorney Harvey, it should be noted that the Court has awarded Mr. Harvey expenses and attorneys fees $1,820 against the Plaintiff for his failure to appear or participate in either of two Rule 16 conferences [D.E. 9]. But here, Mr. Harvey seeks the additional $30,410 set forth at Docket Entry 15-2.

Addressing the default judgment, it is the Magistrate's recommendation to the District Court that once a Rule 55(a) Default is secured from the Clerk, that the Plaintiff be awarded a default judgment against the Defendant Heromin in the amount of $998,360.30 and for its

attorney's fees and expenses in the total amount of $32,230 ($1,820 and $30,410). Pursuant to 28 U.S.C. §1961, Plaintiff is entitled to interest on this judgment.

    Respectfully Submitted,

                                          <u>**s/Edward G. Bryant**</u>
                                          EDWARD G. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE

                                          Date:  <u>**August 19, 2011**</u>

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**