IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LEXINGTON HOSPITAL CORP.,     )
                              )
            Plaintiff,        )
                              )
v.                            )
                              )   Case No. 1:09-cv-01276-JDB-egb
RONALD J. HEROMIN,            )
                              )
            Defendant.        )
                              )

---

## REPORT AND RECOMMENDATION

---

On referral to this Court [D.E. 28] is Plaintiff's motion for reconsideration [D.E. 27] of

the Magistrate Judge's August 19, 2011 Report and Recommendation [D.E. 26].

Plaintiff requests that the Report and Recommendation be modified in two ways.  First,

rather than a default judgment under Rule 55(a), Plaintiff seeks a default as a sanction based

upon Heromin's failure to participate in discovery and failure to attend the Court's conferences.

Second, Plaintiff argues that the August 19 Report's calculation of damages is inaccurate.

Plaintiff does not object to the Magistrate's August 19 recommendation that Court enter an order

dismissing the counterclaim.

Default Judgment against Defendant

On April 6, 2011, the Magistrate Judge entered a Report and Recommendation detailing

Defendant's contumacious conduct [D.E. 18 at 3-4].  Heromin never objected to that report. The

Court ordered that, if Heromin did not participate in discovery, further sanctions, including a

default, may enter.  Despite the Court's warning in the April 6 Report and Recommendation,

Heromin failed to participate in discovery and failed to show cause why his counterclaim should not be dismissed [D.E. 26 at 2]. Accordingly, the August 19 Report recommends dismissal of the counterclaim with prejudice. Plaintiff agrees that the counterclaim should be dismissed with prejudice.

Regarding Plaintiff's request that a default judgment enter against Heromin on Plaintiff's claims, the Report recommended that default judgment enter after the Clerk enters default, however because Defendant had filed an Answer, Plaintiff moved for default judgment as a sanction, not for a failure to answer [D.E. 14 and 15]. As Plaintiff correctly points out, the Court may enter a default judgment as a sanction for the conduct at issue. Rule 16(f) allows a court to impose sanctions under Rule 37(b)(2)(A) if a party fails to appear at a scheduling conference or to obey a scheduling or other pretrial order. Rule 37(b)(2) also authorizes sanctions for a failure to participate in discovery and against one who violates Rule 26(f). The sanctions available under Rule 37(b)(2)(A) include striking pleadings, dismissing claims, rendering a default,and treating the failure to obey an order as contempt.

The imposition of sanctions, or the type of sanctions imposed, including the sanction of default judgment, is within the sound discretion of the court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *see also, Harmon v. CSX Transportation, Inc.*, 110 F.3d 363, 366-67 (6th Cir. 1997). The Sixth Circuit has approved dismissal or default when the record clearly details a pattern of contumacious behavior. *Bradbury v. Township of Plymouth*, 107 F.3d 870, at *6 (6th Cir. February 20, 1997); *Harmon* at 369. Such remedies are particularly appropriate when the party himself—and not merely his attorney—is at fault. *Bradbury*, 107 F.3d 870, at *6.

Here, as set out in the Magistrate Judge's previous Reports and Recommendations, the record is clear that Heromin, who is proceeding pro se and appears to be an experienced litigant (having removed this case from state court and having counterclaimed), has ignored the Court's orders and refused to participate in discovery. Since filing his Answer on December 16, 2009, Defendant has failed to participate in this case.[1] Accordingly, the Magistrate Judge recommends that the District Court enter default judgment as sanctions.

Damages

In Plaintiff's Motion for Reconsideration, Plaintiff provides additional clarification and support for the damages it seeks. Based on this new information, the Magistrate Judge recommends that the District Court enter a judgment in Plaintiff's favor in the amount of $1,221,480.63 plus post-judgment interest.

Respectfully submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **September 19, 2011**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] While there was a stay in the case based on the Suggestion of Bankruptcy [D.E. 12], the case was reopened on December 28, 2010 and Defendant has failed to participate at all in this case since that time.